## No. 2867

### Second Circuit

---

## LEVY v. DEHAN

---

(March 14, 1928.  Opinion and Decree.)
(May 22, 1928.    Rehearing Refused.)
(————————, Writs of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Editor)*

1.  **Louisiana Digest—Attorneys—Par. 70.**
In view of the amount involved and the time and labor devoted to the case, the evidence of three attorneys as to the value of legal services rendered will be considered correct where the only evidence to the contrary was that of one attorney for the defendant.

Appeal from the First Judicial District Court, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Joseph H. Levy against H. Dehan.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. H. Levy, of Shreveport, attorney for plaintiff, appellee.

A. M. Pyburn, J. Fair Hardin, of Shreveport, attorneys for defendant, appellant.

ODOM, J. Plaintiff is an attorney at law and brings this suit against defendant to recover $500.00 which he charged defendant as a fee for professional services rendered.

Defendant admits that he employed plaintiff and that plaintiff rendered professional services for him, but refuses to pay the fee demanded because he considers it excessive.

The lower court rendered judgment for plaintiff, as prayed for, and defendant appealed.

## OPINION

The only question involved is whether the fee charged by plaintiff is excessive. The judge of the lower court did not think so. Neither do we. Independently of the opinions expressed by attorneys called as witnesses as to the value of the services rendered by plaintiff to defendant and the reasonableness of the fee, the undisputed testimony showing the amount involved, the time and labor devoted to the case by plaintiff, and advice given, convinces us that the fee charged is not excessive.

Plaintiff himself testified that the fee is reasonable. In addition to his own testimony, plaintiff called Mr. John D. Wilkinson, Mr. Clifton F. Davis, and Mr. A. H. Van Hook, all of the Shreveport bar, as witnesses. Mr. Wilkinson testified that for the services rendered a fee of $500.00 or $600.00 would not be excessive. Mr. Davis and Mr. Van Hook both testified that a fee of $500.00 was not excessive.

As against this testimony, we find that of Mr. J. Fair Hardin, also of the Shreveport bar, one of the attorneys for defendant, who testified that a fee of $150,00 would sufficiently compensate plaintiff.

After plaintiff had offered, in addition to his own testimony, that of three prominent attorneys as to the value of the services rendered, defendant called only one witness, Mr. Hardin. His opinion is hardly sufficient to overcome that of the other attorneys, and we might add, that of the District Judge, also.

However, we do not base our judgment solely upon the opinions of the witnesses called.

It is unnecessary to go into detail as to the controversy about which plaintiff advised defendant, except to state that it involved a lease contract on property in Shreveport at $450.00 per month for five years, one year of which had expired.

The lessors were about to demolish one of the walls of the leased premises, which would necessarily interfere with defendant's restaurant business. That brought up the question of defendant's rights under the lease. Defendant consulted friends as to the proper course to pursue. They advised him to consult counsel, and he employed plaintiff. Plaintiff devoted four days to the examination of the law and authorities applicable, had numerous consultations with Mr. Van Hook, who rep-

resented the lessors. An agreement was finally reached between plaintiff and Van Hook, attorney for the lessors, that the lease should be canceled and that the lessors should pay defendant for improvements that he had made on the building, amounting to some $1700.00.

Van Hook agreed to submit the matter to his clients and advise them to accept it, and he says they agreed to the settlement. When plaintiff submitted the proposition to defendant he refused to accept unless awarded damages in a large sum, and plaintiff withdrew from the case, after advising defendant that he was not entitled to damages.

Whereupon defendant employed other attorneys and finally brought suit to have the lease contract declared abrogated because of an active violation of the obligation of the lessors and for damages in the sum of $33,600.00. The case finally reached the Supreme Court. See Dehan vs. Youree, et al., 161 La. 806, 109 So. 498.

That plaintiff's legal conclusions and advice to defendant were sound is evidenced by the fact that the court declared the lease abrogated and awarded Dehan a sum to cover the value of his improvements and rejected his demand for damages. He got at the end of a lawsuit substantially what plaintiff advised him he was entitled to and what he could have gotten without suit. All the negotiations with reference to the matter were carried on between plaintiff, as attorney for defendant, and Mr. A. H. Van Hook, attorney for the lessors. Mr. Van Hook was therefore in position to estimate the value of the services rendered by plaintiff to defendant. Mr. Van Hook testified that plaintiff's services were worth $500.00.

For the reasons assigned, the judgment appealed from is affirmed, with costs.